**F.T. HAVENS, Plaintiff–Appellant,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARCHULETA, Colorado, Defendant–Appellee.**

No. 01CA1612.

Colorado Court of Appeals, Div. I.

Oct. 10, 2002.

Abadie & Zimsky, LLC, William E. Zimsky, Durango, Colorado, for Plaintiff–Appellant.

Law Office of Mary Weiss, Mary Deganhart–Weiss, Pagosa Springs, Colorado, for Defendant–Appellee.

J. Wallace Wortham, Jr., Denver City Attorney, David W. Broadwell, Assistant City Attorney, Denver, Colorado, for Amici Curiae Colorado Municipal League and City and County of Denver.

Hall & Evans, L.L.C., Thomas J. Lyons, Jennifer L. Veiga, Denver, Colorado, for Amicus Curiae Colorado Counties, Inc.

Harden, Hass, Haag & Hallberg, P.C., George H. Hass, Fort Collins, Colorado, for Amici Curiae Poudre School District R–1 and Board of County Commissioners of Larimer County.

Paul C. Rufien, P.C., Paul C. Rufien, Denver, Colorado, for Amicus Curiae Forest Hills Metropolitan District.

Opinion by Judge STERNBERG.[1]

In this litigation concerning the Taxpayer's Bill of Rights (TABOR), plaintiff, F.T. Havens, appeals a judgment entered in favor of defendant, the Board of County Commissioners of Archuleta County. We affirm.

On November 2, 1999, the electors of Archuleta County approved a ballot issue allowing the County to collect and spend or reserve excess revenue collected "during 1999 and each subsequent year . . . notwithstanding any restriction contained in Article X, Section 20 of the Colorado Constitution [TABOR]." This ballot issue allows the County to collect and spend revenues in excess of the limits set forth in a section of TABOR, Colo. Const. art. X, § 20(7)(b), concerning the maximum percentage change in a local district's annual spending. As relevant here, the ballot issue does not set the duration of the waiver of the County's revenue and spending limits.

Plaintiff filed this lawsuit for declaratory and injunctive relief, contending that the vot-

---

**1.** Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2002.

ers are permitted to waive revenue and spending limits for a maximum period of four years. His claim is based on another section of TABOR, Colo. Const. art. X, § 20(3)(a), which states that "voters may approve a delay of up to four years in voting on ballot issues."

The trial court either dismissed or entered judgment on the pleadings in favor of the County on all of plaintiff's claims. The trial court interpreted § 20(3)(a) "as providing that voters can delay ballot issues for up to four years," and declined to "read a four-year restriction for waiver of [revenue and] spending limits into the section."

■ On appeal, plaintiff contends that the trial court's ruling was erroneous because the plain language of § 20(3)(a) limits to four years the maximum term of a ballot issue waiving the revenue and spending limits of § 20(7)(b). We disagree.

■ TABOR places limits on the ability of state and local government to tax and spend. "Its provisions require voter approval for certain state and local government tax increases and restrict property, income, and other taxes." *Havens v. Bd. of County Comm'rs*, 924 P.2d 517, 519 (Colo.1996).

■ Section 20(7)(b) provides that revenue and spending increases by state and local governments are limited as follows: "[t]he maximum annual percentage change in each local district's fiscal year spending equals inflation in the prior calendar year plus annual local growth, adjusted for revenue changes approved by voters after 1991 and (8)(b) and (9) reductions." TABOR requires voter approval for the collection, retention, or expenditure of revenues that exceed the dollar amounts of § 20(7)(b) revenue and spending limits. *Cf. City of Aurora v. Acosta*, 892 P.2d 264 (Colo.1995).

■ In interpreting the state constitution, we first look at the terms of the constitutional provision itself, and if possible we apply the provision according to its clear terms. *City of Aurora v. Acosta, supra.*

Plaintiff's argument is based on the language in TABOR contained in § 20(3)(a), which provides, in pertinent part:

> Except for petitions, bonded debt, or charter or constitutional provisions, districts may consolidate ballot issues and *voters may approve a delay of up to four years in voting on ballot issues.* District actions taken during such a delay shall not extend beyond that period. (Emphasis added.)

The plain language of § 20(3)(a) allows the voters to authorize a *delay* in voting on a ballot issue, but limits any such delay to a period of four years. It does not, as plaintiff asserts, limit the effective time period of any TABOR-related ballot issue approved by the voters.

We agree with the trial court that "it does not make sense for the [TABOR] drafters to use the word 'delay' if [they] were referring to a time limitation upon waiver of [revenue and] spending limits." Thus, we reject plaintiff's assertion that delay here means that voters may approve the ballot issue for up to four years, thereby delaying (or postponing) further votes on similar ballot issues for a period not to exceed four years. *See, e.g., City of Aurora v. Acosta, supra* (approving a ballot issue, challenged on different grounds, that does not contain any time limitation).

We also are not persuaded by plaintiff's argument that this construction is inconsistent with the last sentence of § 20(3)(a), which provides, "District actions taken during such a delay shall not extend beyond that period." Plaintiff would have us interpret this sentence to limit the circumstances in which waivers of revenue and spending limits, like the one at issue here, could be added to a district's base. We reject this interpretation. This issue is already addressed in § 20(7)(d), which provides that voter-approved revenue changes, among other things, are dollar amounts that are exceptions to, and not part of, any district base.

Therefore, we hold that the language in § 20(3)(a) allowing voters to "approve a delay of up to four years in voting on ballot issues"

does not mean that the voters' waiver of revenue and spending limits must be limited in duration to four years.

Judgment affirmed.

Judge WEBB and Judge GRAHAM concur.